## GEORGE PETERSON v. JOHN H. SKARP and Another.[1]

February 2, 1912.

Nos. 17,453—(231).

**Negligence — navigable water.**

In this action to recover damages caused to a launch by collision with a stake claimed to have been left by defendants in a navigable channel between the open water of a lake and their dock, it is *held:*

1. That whether defendants were negligent, whether their acts were the proximate cause of the accident, and whether plaintiff was guilty of contributory negligence, were questions for the jury, and the verdict is sustained by the evidence.

2. There was no error in the court's charge or in its refusal to give instructions requested.

3. The court did not err in denying a motion for a new trial made on the ground of newly discovered evidence.

Action in the municipal court of Minneapolis to recover $450.53 damages to a gasolene launch caused by its collision with a submerged post. The answer admitted the use of the launch for the purpose of delivering laundry to persons residing in the vicinity of Lake Minnetonka and alleged that if any injuries were incurred they were caused in whole or in part by the negligence of plaintiff, and that he assumed the risks incident to the collision. The reply was a general

[1] Reported in 134 N. W. 503.

denial. The case was tried before C. L. Smith, J., who, at the close
of the trial, denied defendants' motion for a directed verdict in their
favor, and a jury which returned a verdict in favor of plaintiff for
$200. From an order denying defendants' motion for judgment
notwithstanding the verdict or for a new trial, they appealed. Af-
firmed.

*Harry S. Swensen,* for appellants.
*Mead & Bryngelson,* for respondent.

BUNN, J.

This action was brought to recover damages to a gasolene launch,
caused by its striking a submerged post while plaintiff was operating
the launch in a passageway leading from a boathouse owned by de-
fendants through the weeds to the open water of Black Bay, Lake
Minnetonka. Plaintiff claimed that the passageway was navigable
water, and that defendants were negligent in permitting the post to
remain therein. Defendants claimed that the lake was not navigable
at the place where the post was, that defendants were not negligent,
and that plaintiff was guilty of contributory negligence. The trial
court denied defendants' request to instruct a verdict in their favor,
and submitted the issues to the jury which found a verdict of $200
for plaintiff. Defendants appealed from an order denying their mo-
tion for judgment notwithstanding the verdict or for a new trial,
and also from an order denying a second motion for a new trial,
based on the ground of newly discovered evidence.

The evidence showed that the defendants have residences on the
shore of Black Bay, owned a boathouse and dock, and kept and op-
erated a launch. They dredged and deepened the water near the
shore for some distance on either side of their dock, and a channel has
been made from this dredged place through the mud and weeds to
the open water. This channel was about ten feet wide, from four to
eight feet deep in the center, and a foot or foot and a half deep on
the sides. Defendants used the passageway for their launch, and it
was used by other launches in going to and from defendants' dock.
Plaintiff used his launch in collecting and delivering laundry about

the lake, and had on several prior occasions used this channel with his launch in delivering laundry to defendants. On the occasion in question he ran the launch through the channel, delivered some laundry at one of defendants' houses, and in coming back through the channel, when seventy-five or one hundred feet from the shore, the launch struck the submerged post or stake and was damaged. There was evidence that a month prior to the accident men in the employ of defendant were operating a suction dredge within fifty feet of the dock, and that a row of posts or stakes had been driven into the lake bottom seventy-five to one hundred feet from the shore and parallel with it, and the evidence would justify the conclusion that the stake which the launch struck was one of these stakes, which had not been removed after the dredging work was over. As to whether this stake was in the deep water of the channel or in the shallow water on the side was one of the litigated questions.

We have carefully examined the evidence, and hold that it amply supports the verdict of the jury. The channel was used for boats and launches to reach defendants' dock, and was clearly navigable for such purposes. While the testimony was conflicting, the jury was warranted in finding that defendants were negligent in failing to remove the post. This finding is not the result of conjecture. There was a reasonable basis in the evidence for the conclusion that the stake was left in the channel by the defendants. In connection with their claim that the verdict rests on mere speculation or conjecture, defendants insist that the question of the identity of the stake could have been settled had plaintiff produced it in court, and that, not having done so, the presumption arising from the suppression of evidence applies. It is a sufficient answer to this claim to say that it was not shown that plaintiff had the stake in his possession or under his control, or that defendants could not have had it in court had they taken timely measures to that end. In no event can it be said that the absence of this evidence, even applying the presumption, should lead to a reversal.

The contention that plaintiff was guilty of contributory negligence has no merit and needs no discussion. The same may be properly

said as to the assignments of error relating to the charge, and to the refusal of the court to give instructions requested.

The newly discovered evidence, made the ground for the second motion for a new trial, consisted of affidavits offered to show that plaintiff did not own the launch. These affidavits were mere hearsay, and were fully met by affidavits in opposition. There was clearly no abuse of discretion in denying this motion. Nor does it appear, as defendants claim, that the showing made convicted plaintiff of perjury in his testimony as to the price paid for the boat, or that it has any bearing on the question of value.

The case involved purely questions of fact, the verdict is sustained by the evidence, there were no prejudicial errors, and there is no ground for reversal of the orders appealed from.

Affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.